**In re: Rick C. GARCIA, Debtor.**

**Rick C. Garcia, Debtor–Appellant,**

v.

**Kathy A. Dockery, Trustee–Appellee.**

**No. 07–55078.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 2007.

Filed June 11, 2008.

Akihito Koyama, Los Angeles, CA, for Trustee–Appellee.

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Peter D. Lively, Esq., Law Offices, Santa Monica, CA, for Debtor–Appellant.

Before: PREGERSON, BEA, and SILER \*, Circuit Judges.

MEMORANDUM \*\*

Rick C. Garcia ("Garcia") appeals the bankruptcy court's order denying confirmation of his bankruptcy reorganization plan pursuant to Chapter 13 of the Bankruptcy Code. Although Garcia's actual disposable income on the date that he filed his Chapter 13 plan—calculated by subtracting his actual expenses from his actual income on bankruptcy filing Schedules I and J—was $504 per month, Garcia claims he is not required to pay anything to his unsecured creditors because his disposable income—calculated by the statutory definition found in 11 U.S.C. § 1325(b)(2)—resulted in a negative number. Nevertheless, Garcia's Chapter 13 plan proposed to pay unsecured creditors $504 per month for three years. The total amount Garcia's Chapter 13 plan proposed to pay unsecured creditors was less than the total amount he owed them.[1]

The Trustee objected that Garcia's Chapter 13 plan failed either: (1) to propose to pay unsecured creditors all of Garcia's actual disposable income, as calculated on the date Garcia filed his plan; or (2) to remain in effect for the entire five-year

1. Because the facts are known to the parties, we revisit them only as necessary.

"applicable commitment period" mandated by 11 U.S.C. § 1325(b)(4).

The bankruptcy court agreed with the Trustee's objection. The bankruptcy court held 11 U.S.C. § 1325(b) requires Garcia to calculate his "projected disposable income" with reference to his actual disposable income from Schedules I and J (*i.e.*, $504 per month) rather than by using his pre-petition average income calculated pursuant to 11 U.S.C. § 1325(b)(2) (*i.e.*, a negative number). The bankruptcy court further held 11 U.S.C. § 1325(b)(4) mandates a five-year "applicable commitment period" for an above median income debtor unless the plan proposes to pay 100% of the debtor's unsecured debt before the end of five years. The bankruptcy court entered an Order Denying Plan Confirmation on August 30, 2006.

On September 7, 2006, Garcia timely filed a Notice of Appeal to the United States Bankruptcy Appellate Panel of the Ninth Circuit. *See* Fed. R. Bankr.P. 8002. Before the Bankruptcy Appellate Panel heard Garcia's appeal, we granted direct appeal pursuant to 28 U.S.C. § 158(d)(2)(A).

This case raises solely questions of law, which we review *de novo. Alsberg v. Robertson (In re Alsberg),* 68 F.3d 312, 314 (9th Cir.1995). Under our holding in *Maney v. Kagenveama,* No. 06–17083, 541 F.3d 868, ——, 2008 WL 2485570 (9th Cir. June 23, 2008) (Opinion at 4), Garcia's "projected disposable income" is to be calculated according to the statutory definition of "disposable income" found in 11 U.S.C. § 1325(b)(2). Thus, Garcia's projected disposable income is zero. Because Garcia had no projected disposable income at the time he sought plan confirmation, he was not required to propose a five-year "applicable commitment period." *Maney,* —— F.3d at —— (Opinion at 12).

Accordingly, we reverse the bankruptcy court's order denying confirmation of Garcia's Chapter 13 plan. We remand for further proceedings consistent with our opinion in *Maney v. Kagenveama,* No. 06–17083, 541 F.3d 868 (9th Cir. June 23, 2008).

**REVERSED and REMANDED.**